UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FLORIDA BEACH ADVERTISING, LLC,
a Florida limited liability company, and
DAVID MICHAEL DUVERNAY,

    Plaintiffs,

v.

CASE NO: 8:19-cv-03113

CITY OF TREASURE ISLAND,

    Defendant.
_____/

## **COMPLAINT**

Plaintiffs, FLORIDA BEACH ADVERTISING, LLC, a Florida limited liability company ("FBA"), and DAVID MICHAEL DUVERNAY ("DUVERNAY" and collectively "Plaintiffs"), by and through their undersigned attorneys, sue the CITY OF TREASURE ISLAND, a municipality and political subdivision of the State of Florida ("Defendant" or the "City"), and allege:

1. This is an action pursuant to 42 U.S.C. § 1983 to redress the City's violation of Plaintiffs' rights under the First and Fourteenth Amendment to the United States Constitution. Plaintiffs additionally seek a declaration that the City's effort to regulate signage on the Intracoastal Waterway violates the State Constitution and Florida law.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C §1367(a) as they form a part of the same case or controversy and arise out of a

1

common nucleus of operative facts. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

3. Venue is appropriate in this District as the Defendant is a municipality in Pinellas County, Florida.

4. The City is a political subdivision of the State of Florida organized under the laws of Florida.

5. FBA is a Florida limited liability company with its principal place of business in Pinellas County, Florida.

6. FBA is in the business of selling advertising space on signs located entirely on a vessel that operates within the waters of the Gulf of Mexico or the Intracoastal Waterway in and around Pinellas County, Florida.

7. DUVERNAY is the manager of FBA and a resident of Pinellas County, Florida. He celebrates the contributions of military veterans to the United States.

*The City's Sign Code*

8. Article II of Chapter 73 of the City's Code of Ordinances ("Sign Code") regulates signage within the City. A copy of the City's Sign Code is attached as **Exhibit "A"** and incorporated herein by reference.

9. In Section 73-32, the Sign Code mandates that all signs, except those specifically exempted, require a permit.

10. In Section 73-33, the Sign Code exempts from the permit requirement 15 different types of signs based upon the content of the signs.

11. In Section 73-34, the Sign Code contains a list of specifically prohibited

signs – some content-based and some content-neutral. Additional content-based regulations are contained in Sections 73-36, 73-37, and 73-38, as well as the definition of "Sign" itself in the Sign Code.

12. Section 73-34(10) of the Sign Code specifically prohibits "Signs in or upon any river, bay, lake or other body of water within the limits of the city, unless authorized by the city commission." There are no criteria specified in the Sign Code for when the city commission should authorize such signage.

13. On or about October 5, 2019, the City issued a citation to DUVERNAY for violation of Section 73-34(10) of the Sign Code after DUVERNAY, on behalf of FBA, traveled through intracoastal waters ostensibly located within the city limits of the City displaying an advertising message.

14. Concerned that he may again be cited by the City when he follows through on preexisting plans to participate in the 2019 23rd Annual Veteran's Day Boat Parade through the intracoastal waters around the City, DUVERNAY approached the City's staff and was told FBA could not display signage in the parade, even though the 23rd Annual parade included a contest judged, in part, on the flags and patriotic messages displayed on the boat. On October 16, 2019, FBA alerted followers on its Facebook® page that it would not be able to participate in the part of parade route near Treasure Island because Treasure Island and City Hall would not allow the display of a "Thank You Veterans" sign on its boat. The post apologized to the Madeira Beach and Treasure Island American Legions for the inconvenience. The social media posting generated comments not very flattering to the City, and, as a result of public outcry, FBA was afforded an opportunity on November 5,

2019 to seek advance authorization from the city commission to participate in the parade displaying a sign stating, "Thank You Veterans!"

15. On November 5, 2019, following no objection from City staff on the request, the city commission denied authorization for Plaintiffs to display any signage in the Veteran's Day Boat Parade. The city manager and city commission complained about the social media post and negative comments made on social media about the City. One commissioner simply explained that all signs were banned on the water, apparently indicating that no exceptions would ever be considered. The city commission refused the request.

16. On November 9, 2019, despite the City's refusal to grant authorization, Plaintiffs participated in the Veteran's Day Boat Parade and displayed the message "Thank You Veterans" and "God Bless America." A copy of Plaintiff's message is attached as **Exhibit "B."** This message was not for hire but contained Plaintiffs' show of support for military veterans viewing the parade from shore. All of the other boats in the parade proudly displayed United States flags and signs containing patriotic messages supporting and celebrating military veterans.

17. At the conclusion of the parade route, the City issued a citation to DUVERNAY for violation of Section 73-34(10). No one else was cited for displaying signs on their vessel in the City's waters during the parade. Upon information and belief, the City has never cited boaters participating in the parade in the past.

*The Sign Code is Facially Unconstitutional*

18. The Sign Code as a whole is facially unconstitutional as it impermissibly

regulates speech based upon content, is not supported by a compelling government interest, and is not narrowly tailored.

19. Without limiting the generality of paragraph 18, the definition of "Sign" in the Sign Code contains a list of sign types defined by their content, the Sign Code exempts signs from its reach based on content, the Sign Code prohibits certain signs based on content, and the Sign Code impermissibly classifies signs throughout based upon content. The City cannot demonstrate that its content-based Sign Code is narrowly tailored to serve a compelling governmental interest.

20. Furthermore, the Sign Code lacks sufficient criteria for local officials to apply in granting permits and reposes unguided and standardless discretion in governmental officials considering permit applications.

21. The Sign Code's regulation of protected speech invokes and cannot survive strict scrutiny. Even if it were content neutral, it would not survive intermediate scrutiny.

22. Section 73-34(10) of the Sign Code is facially unconstitutional as it prohibits all communicative conduct on the water or requires official approval under an ordinance that delegates discretionary power to local officials without standards, resulting in virtually unreviewable prior restraints on First Amendment rights.

*The Sign Code Was Unconstitutionally Applied*

23. The city commission's denial of authorization for Plaintiffs to display a "Thank You Veterans" message in the Veteran's Day Boat Parade abridged their constitutional rights. The City applied unlawful criteria, or no criteria at all, in determining not to permit Plaintiffs' speech and unlawfully based its decision on social media posts,

5

public sentiment, or the reactions of other speakers. The absence of criteria in the permitting process led to an arbitrary denial based upon the whim and caprice of the city commission. The City's manager and professional staff had no objection to Plaintiffs' request; however, the city commission chose to apply mob rule, personal sentiment, or antipathy to Plaintiffs' message in its decision-making.

24. The city commission's refusal to authorize any signage on the water failed to leave ample room for expression by Plaintiffs for no substantial purpose. It also singled out Plaintiffs for disparate treatment by ignoring many other participants in the parade who displayed flags, signs, and messages without advance authorization. The City's treatment of Plaintiffs denied equal protection of the laws and Due Process.

*The City Lacks Power to Regulate Signage In Intracoastal Waters Under State Law*

25. Florida Statutes § 327.60(2)(c) expressly preempts municipal regulation of vessels upon the Florida Intracoastal Waterway.

26. The Sign Code cannot be applied to vessels upon such waterways.

27. In addition, § 327.60(2) expressly preempts municipal regulation relating to operation of vessels, the establishment of safety standards, or in any way that conflicts with any provision of Chapter 327 of the Florida Statutes.

28. Under the Florida Constitution, the City cannot enact ordinances in contravention of state law or on topics preempted to the State.

*Additional General Allegations*

29. The above-described actions of the City were taken under color of state law and pursuant to the City's official custom, practice or policy.

30. Plaintiffs have suffered and will continue to suffer irreparable harm as their First Amendment rights have been penalized and will continue to be chilled until the Court invalidates the Sign Code and Section 73-34(10) and enjoins their unlawful enforcement.

31. Plaintiffs lack an adequate remedy at law for the deprivation of their rights.

32. Injunctive relief would serve the public interest by promoting free speech and First Amendment values protected by the Constitution, as well as confining the City's regulation within proper limits.

33. Moreover, Plaintiffs are in doubt as to their rights to travel through the city limits of the City displaying messaging of any sort and a declaration of this Court determining Plaintiffs' rights would remove such uncertainty and prevent unlawful enforcement by the City in the future.

34. Plaintiffs have retained the undersigned counsel to represent them in this action and are obligated to pay a reasonable fee for their services.

35. All conditions precedent to the maintenance of the causes of action alleged herein, if any, have occurred, been waived, or are otherwise satisfied.

**COUNT I -- FACIAL FIRST AMENDMENT CHALLENGE TO SIGN CODE**

36. Plaintiffs re-alleges paragraphs 1-22 and 29-35 set forth above.

37. The Sign Code impermissibly regulates speech based on content, is not supported by a compelling governmental interest, and is not narrowly tailored to achieve any such interest.

38. Furthermore, the Sign Code grants unbridled discretion to government officials to grant permits without setting forth appropriate criteria.

39. The Sign Code cannot be effectively salvaged by severing certain provisions without requiring this Court to rewrite it for the City and create a code never intended.

40. Moreover, Section 73-34(10), in particular, is facially unconstitutional as it contains insufficient standards for local officials to apply and fails intermediate scrutiny as it fails to leave ample room for expression and is not narrowly tailored. The flat prohibition of signs on the water burdens more speech than is reasonably necessary to serve any substantial interest of the City.

WHEREFORE Plaintiffs demand judgment against Defendant for declaratory relief that the Sign Code, and Section 73-34(10) in particular, is facially unconstitutional under the First and Fourteenth Amendments to the U.S. Constitution, temporary and permanent injunctive relief prohibiting Defendant from enforcing the Sign Code, attorneys' fees and costs pursuant to 42 U.S.C. 1988, and all other relief that is just and proper.

## **COUNT II – AS APPLIED FIRST AMENDMENT CHALLENGE**

41. Plaintiff re-alleges paragraphs 1-35 set forth above.

42. On or about October 5, 2019, the City issued a citation to DUVERNAY for violating its Sign Code.

43. On November 5, 2019, DUVERNAY and FBA sought approval from the city commission to display a message from a vessel in the city limits supporting military veterans as part of the Veteran's Day Boat Parade through the Intracoastal Waterway.

44. At the public meeting, the city commission publicly humiliated DUVERNAY and unlawfully refused to authorize or permit any message in the parade.

Thereafter, when DUVERNAY participated in the parade, the City singled out DUVERNAY for issuance of an additional citation for displaying a message in the boat parade whilst ignoring all other participants' messages on display in the parade.

45. The conduct of the City abridged the rights of Plaintiffs to speak on matters of public concern, imposed unlawful penalties for Plaintiffs' speech, and created a chilling effect on Plaintiffs' efforts to honor and celebrate military veterans in the city limits.

46. The City continues to threaten citations to Plaintiffs should they display signage in the city limits from a vessel.

WHEREFORE Plaintiffs demand judgment against Defendant for declaratory relief that Defendant's actions constituted a violation of Plaintiffs' rights under the First and Fourteenth Amendments to the U.S. Constitution, injunctive relief prohibiting Defendant from enforcement of its Sign Code, including Section 73-34(10), damages, attorneys' fees and costs pursuant to 42 U.S.C. 1988, and all other relief that is just and proper.

## COUNT III – PREEMPTION OF SECTION 73-34(10)

47. Plaintiff re-alleges paragraphs 1-35 set forth above.

48. Section 73-34(10) is unconstitutional under the Florida State Constitution as it conflicts with state law or has been preempted by state law.

49. It is in the public interest to enjoin the *ultra vires* actions of the City in purporting to regulate signage on vessels in navigation.

WHEREFORE Plaintiff demands judgment against Defendant for declaratory and injunctive relief, costs, and such other relief that is just and proper.

Respectfully submitted December 19, 2019.

 s/ Timothy W. Weber
Timothy W. Weber, Esq.
FBN: 86789
WEBER, CRABB & WEIN, P.A.
5453 Central Avenue
St. Petersburg, FL  33710
Telephone: (727) 828-9919
Facsimile: (727) 828-9924
Emails: timothy.weber@webercrabb.com
       lisa.willis@webercrabb.com
LEAD COUNSEL FOR PLAINTIFFS